# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2011

No. 10-41007
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMASA GARCIA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-57-8

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tomasa Garcia-Ramirez (Garcia) appeals the 60-month, within-guidelines sentence she received after she pleaded guilty to conspiracy to transport and harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A). Garcia argues that the district court erred when it imposed a two-level adjustment under U.S.S.G. § 2L1.1(b)(6) for reckless endangerment. Garcia does not contest the testimony of Daniel Padilla, the lead case agent with the Immigration and Customs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Enforcement, that she transported 15 to 20 people in a camper behind a pickup truck whose maximum load was 13.

Section 2L1.1(b)(6), in pertinent part, provides for a two-level increase "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). Commentary to the Guideline gives as examples of conduct to which the enhancement applies "carrying substantially more passengers than the rated capacity of a motor vehicle," and "harboring persons in a crowded, dangerous, or inhumane condition." § 2L1.1(b)(6), comment. n.5. To determine the propriety of applying § 2L1.1(b)(6)'s reckless-endangerment enhancement, this court considers "'the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs.'" *United States v. Rodriguez*, 630 F.3d 377, 381 (5th Cir. 2011) (quoting *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006)).

This court has recognized that overcrowded conditions similar to those attributed to Garcia's offense have provided a basis for the enhancement. *See United States v. Cuyler*, 298 F.3d 387, 388-91 (5th Cir. 2002). Additionally, Agent Padilla's testimony that the aliens would have been exposed to temperature extremes and that the alien smuggling operation of which Garcia was a part routinely transported aliens in crowded conditions without safety restraints weighed in favor of the adjustment. *See Rodriguez*, 630 F.3d at 381*; United States v. Garza*, 587 F.3d 304, 311 (5th Cir. 2009). Thus, the district court's finding that the lack of safety restraints, long distances, and overcrowded conditions warranted the enhancement was not clearly erroneous. *See Zuniga-Amezquita*, 468 F.3d at 889.

Garcia also argues that the district court erred when it increased her base offense level four levels under § 3B1.1(a). Section 3B1.1(a) provides for a four-level increase to the total offense level of a defendant who "was an organizer

or leader of a criminal activity that involved five or more participants." Section § 3B1.1(a) specifies two parts to the enhancement: the defendant's conduct and the number of participants. *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011), *petition for cert. filed* (June 6, 2011) (No. 10-10931).

Garcia makes no argument regarding the number of participants. By failing to argue that the criminal activity involved fewer than five participants, Garcia has waived this issue. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009). As to Garcia's conduct, Agent Padilla's testimony established that Garcia exercised decision making authority, participated in the conspiracy, had a high degree of participation and planning or organizing the smuggling, and exercised authority over at least two drivers. The district court's finding that Garcia was a leader or organizer under § 3B1.1(a) is plausible in light of this testimony, and its decision to apply the four-level adjustment was not clearly erroneous. *See Curtis*, 635 F.3d at 720; § 3B1.1, comment. (n.4).

AFFIRMED.